O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA CASTRO,<br><br>　　　　　Plaintiff,<br>　　v.<br>M & B RESTAURANT GROUP, BUCK GRIBBLE, and DOES 1–100, inclusive,<br><br>　　　　　Defendants. | Case No. CV13-00926 ODW (MANx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND TO FACILITATE NOTICE PURSUANT TO 29 U.S.C. § 216(b) [17]** |

## I.　INTRODUCTION

Plaintiff Virginia Castro alleges[1] Defendants M&B Restaurant Group and Buck Gribble (collectively "M&B") violated several provisions of California's Labor Code and the Fair Labor Standards Act ("FLSA") when they failed to pay her minimum wages and overtime for hours in which she worked through breaks. Castro now moves the Court to conditionally certify a collective action under 29 U.S.C. § 216(b) with respect to her sole FLSA claim. For reasons discussed below, the Court **GRANTS** Castro's motion.

---

[1] Immediately after filing this Motion for Conditional Certification of a Collective Action, Plaintiff moved this Court to grant leave to file a First Amended Complaint. Defendants did not oppose the motion, and this Court granted leave to amend. The Court therefore evaluates Plaintiff's Motion for Conditional Certification of a Collective Action using her First Amended Complaint.

## II. BACKGROUND

From about May 2006 to September 2012, Castro worked as a cook at M&B's Jack in the Box restaurant in Covina, California. (Castro Decl. ¶ 1, ECF No. 21.) M&B's cooks are compensated by the hour. (Castro Decl. ¶ 4, ECF No. 21.) Castro was subject to the M&B's policies and practices, which required employees to "punch out" during meal breaks. (Castro Decl. ¶ 6, ECF No. 21; G. Gribble Decl. ¶ 6, ECF No. 23-2.) Occasionally Castro worked shifts (apparently often graveyard shifts) where she was one of only two employees in the restaurant: a cook and a cashier. (Castro Decl. ¶ 4, ECF No. 24.) Castro alleges that during these two-person shifts, she was required to work through her meal breaks (or at least remain physically present should her services be required) despite having punched out. (Castro Decl. ¶ 6, ECF No. 21; FAC ¶ 10.)

Castro believes there are other individuals employed by Defendants who also had to work through their meal breaks in violation of FLSA. (Castro Decl. ¶ 13, ECF No. 21.) On May 9, 2013, Castro moved to include these employees in a collective action only with respect to her seventh claim for violation of the FLSA. (ECF No. 19.)

## III. LEGAL STANDARD

An action against an employer for violations of the Fair Labor Standards Act may be brought by an employee on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b).

### A. Collective Actions vs. Class Actions

A suit under the FLSA brought on behalf of similarly situated employees is called a "collective action," which is "fundamentally different" from a class action under Federal Rule of Civil Procedure 23. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). For example, a putative member in a class action must request exclusion to avoid the binding effects of the class judgment, Fed. Rule Civ. P. 23(c)(2)(B)(v), but a person desiring membership in a collective action must opt in.

29 U.S.C. § 216(b) (2012); *see also McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007). Also, a class certified under Rule 23 acquires an independent legal status, whereas "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare Corp.*, 133 S. Ct. at 1530 (citing *Hoffman-La Roche Inc.*, 493 U.S. 165, 171–72 (1989)). Accordingly, the strict certification requirements of Rule 23 class actions do not apply to the more lenient certification requirements of FLSA collective actions. *Mitchell v. Acosta Sales, LLC*, 841 F. Supp. 2d 1105, 1116 (C.D. Cal. 2011).

**B.     Requirements for Certification of Collective Actions under FLSA**

The only requirement for certification of FLSA collective actions is that putative class members be "similarly situated." 29 U.S.C. § 216(b). The statute does not further define the phrase, and so far as this Court is able to discern, neither the Supreme Court nor the Ninth Circuit has offered interpretative instruction. A majority of district courts analyze whether a class is "similarly situated" at two separate stages of the litigation process: first when plaintiffs initially seek to certify the class, and later following discovery. *E.g.*, *Mitchell v. Acosta Sales, LLC*, 841 F. Supp. 2d 1105, 1116 (C.D. Cal. 2011).

The purpose of the first stage is simply to notify putative class members of a plaintiff's FLSA action. *Mitchell*, 841 F. Supp. 2d at 1115. Because plaintiffs often seek conditional certification before discovery, courts have limited evidence available with which to decide whether the parties are "similarly situated." *Id.* Therefore, during the first stage courts decide "based primarily on the pleadings and any affidavits submitted by the parties" whether putative class members are similarly situated such that they should be given notice of the action. *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). The factual showing required of plaintiffs at this stage is generally described by courts as "modest." *Mitchell*, 841 F. Supp. 2d at 1115 (citing *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008)). If the plaintiff satisfies this showing requirement, then

1 the court may certify the class on condition the members are still similarly situated
2 following discovery. *Mitchell*, 841 F. Supp. 2d at 1115–16.
3     The second step occurs after discovery is complete and putative class members
4 have had opportunity to opt in, at which time the opposing party may move to
5 decertify the collective class. *Id.* Here, a court may undertake a second, more
6 rigorous evaluation of whether the employees are indeed similarly situated. *Id.* The
7 determination is based on three factors: "(1) the disparate factual and employment
8 settings of the individual plaintiffs; (2) the various defenses available to the
9 defendants with respect to the individual plaintiffs; and (3) fairness and procedural
10 considerations." *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 n.1 (C.D.
11 Cal. 2006) (citing *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D.
12 Cal. 2004)). A court may decertify a collective class and dismiss the opt-in plaintiffs
13 without prejudice if it finds the employees are not similarly situated. *Mitchell*, 841 F.
14 Supp. 2d at 1115.

## IV. DISCUSSION

16     Plaintiff seeks conditional certification of her FLSA claim for the following
17 proposed class: "All individuals employed by Defendant at its Jack in the Box
18 restaurant in Covina, California between March 9, 2010 and May 9, 2013, and who
19 took a meal break as one of the only two employees in the restaurant." (Mot. 2.) The
20 Court decides whether to conditionally certify the class using step one of the standard
21 set forth above.
22     Based on the factual showings of the affidavits and pleadings submitted by the
23 Parties, the Court is satisfied that conditional certification is appropriate. First,
24 Castro's claim can be a collective action because the claim properly arises under the
25 FLSA. A claim is proper under the FLSA if it pleads violation of minimum wage or
26 maximum hours. 29 U.S.C. §§ 206, 207. Castro claims she received no pay for
27 missed meal breaks, and also claims she should have received compensation at
28 / / /

1 overtime rates for those weeks in which she worked over 40 hours. Thus, Castro's seventh claim is fully within the bounds of the FLSA.

Second, Castro has satisfied her modest burden to show that Defendants' policies and practices might violate the FLSA. Castro alleges that the restaurant must always have both a cashier and a cook, so an employee working a two-person shift cannot leave the restaurant without a third employee relieving his or her post. Assuming Castro's allegations are true, Defendants' retort that the restaurant follows lawful "punch-out" policies is unavailing, for such policies do not automatically establish the legality of the practice of two-person shifts. In other words, Defendants' practice of operating with two-person shifts may have obligated Castro to remain on duty through her breaks, regardless of whether she punched out. Moreover, Defendants' arguments go more to the merits of Plaintiff's claims, which are only modestly examined at the first stage of the certification process. Castro thus presents sufficient evidence to show the existence of a legitimate factual dispute.

Third, Castro satisfies her modest burden of showing that other employees may be similarly situated. Castro worked in two-person shifts at Defendants' Covina restaurant. Defendants' policies and practices, whether legal or not, unquestionably affected Castro during such shifts. It is reasonable to infer that other employees working in two-person shifts at the same restaurant would also be affected by the policies and practices at issue here. Thus, other employees may be within Castro's class definition, and Castro may invite those employees to join her FLSA claim.

M&B raises additional challenges to this Motion. Most significantly, M&B argues that neither Castro nor any other employee informed it of this working-through-meal-breaks problem. Where an employer has no knowledge of an employee's uncompensated hours, the employer's failure to pay is not a violation of 29 U.S.C. § 207. *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981). Therefore, M&B argues, whether M&B knew of each employee's uncompensated work is a case-by-case question that shares no common answer.

1  M&B contends that because no common proof exists which will generate answers
2  common to the putative class, certification should be denied for failing Federal Rule
3  of Civil Procedure 23's "commonality" requirement. Fed. R. Civ. P. 23(a)(2)
4  (plaintiff may sue on behalf of all members of class only if "there are questions of law
5  or fact common to the class"); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct.
6  2541, 2551 (2011) ("What matters to class certification . . . is not the raising of
7  common 'questions'—even in droves—but, rather the capacity of a classwide
8  proceeding to generate common answers apt to drive the resolution of the litigation.").

9        As explained above, certification requirements for FLSA collective actions are
10 more lenient than those required for class actions under Rule 23. But even under a
11 "commonality" approach, certification would be appropriate. The pleadings and
12 affidavits show M&B may have had constructive knowledge of employees'
13 uncompensated work. Where an employer should have known of an employee's
14 uncompensated work, it must comply with the FLSA. *Forrester*, 646 F.2d at 414.
15 Thus, if Castro can prove Defendants knowingly prevented her from taking breaks,
16 such proof may also answer the claims of other employees in the class.

17       Defendants also cite *Sarviss v. General Dynamics Information Technologies,*
18 *Inc.* for the proposition Plaintiff should be estopped from any lenient certification
19 standard because of her failure to conduct discovery. (Opp'n 14 (citing 663 F. Supp.
20 2d 883, 904 (C.D. Cal. 2009)).) *Sarviss* is distinguishable because the party seeking
21 certification there had failed to conduct sufficient discovery despite having had
22 months to do so, whereas the discovery plan here was only recently submitted on
23 April 22, 2013, and the discovery cut-off date is March 3, 2014. (Joint Report 8.)
24 Plaintiff is not required to wait until discovery is complete before moving to certify a
25 collective action; indeed, doing so would cause unnecessary and problematic delay.
26 *See Sarviss*, 663 F. Supp. 2d at 903 ("The *second* stage [of certification] often occurs
27 at the conclusion of discovery.").
28 / / /

1    Finally, Defendants argue the Court should consider Castro's lack of support
2 from other employees.  But at this "notice" stage, Plaintiff is not required to show that
3 other individuals are interested in the litigation.  *Delgado v. Ortho-McNeil, Inc.*, No.
4 SACV07-263CJCMLGX, 2007 WL 2847238, at *2 (C.D. Cal 2007).  To hold
5 otherwise would thwart the very purpose of conditional certification, which is to
6 notify putative members of Plaintiff's suit.  Giving similarly situated employees the
7 opportunity to opt-in also promotes judicial efficiency by resolving in one action the
8 common claims of multiple plaintiffs.  *Hoffman-La Roche v. Sperling*, 493 U.S. 165,
9 170 (1989).  If Defendants are correct and Plaintiff truly lacks support from any other
10 employees, then none will opt-in.

## V.   CONCLUSION

Plaintiff satisfies the "similarly situated" standard needed to approve a collective action.  Accordingly, Plaintiff's Motion for Conditional Class Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) is **GRANTED**.

Additionally, the parties are instructed to jointly develop a proposed notice and consent form,[2] which shall then be filed with the Court for final approval no later than August 19, 2013.  The parties shall also propose a timeline for giving notice and collecting forms from those who choose to opt in.  If the Court approves the notice, it

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] *See Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007) (providing guidance regarding what to include in an FLSA opt-in notice).

will issue a minute order giving deadlines for sending it to and collecting it from potential class members.

**IT IS SO ORDERED.**

August 1, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**